IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|                             |     |                                      |
|-----------------------------|-----|--------------------------------------|
| UNITED STATES OF AMERICA,   | )   | CRIMINAL NO. 01-00314-SOM-13         |
|                             | )   | CIVIL NO. 22-00529 SOM-KJM           |
|       Plaintiff,            | )   |                                      |
|                             | )   |                                      |
|       vs.                   | )   | ORDER DENYING DEFENDANT THAO         |
|                             | )   | THI NGUYEN'S MOTION TO               |
|                             | )   | VACATE, SET ASIDE, OR                |
|                             | )   | CORRECT SENTENCE AND                 |
| THAO THI NGUYEN,            | )   | DECLINING TO ISSUE                   |
|                             | )   | CERTIFICATE OF APPEALABILITY         |
|       Defendant.            | )   |                                      |
| _____ | )   |                                      |

**ORDER DENYING DEFENDANT THAO THI NGUYEN'S MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE
AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

I.        INTRODUCTION.

Thao Thi Nguyen has moved to vacate her sentence under 28 U.S.C. § 2255. *See* ECF No. 633. She was erroneously released from a state prison nearly 8 years ago, notwithstanding a detainer that should have ensured that she was transferred from the state facility to federal authorities to serve a 12-month prison term imposed when supervised release was revoked in 2006. *See* ECF No. 634. She argues that it is unjust or unlawful to require her to belatedly serve her federal revocation sentence, or that she should receive credit towards her federal sentence for the time she has spent at liberty.

In response, the Government asserts that the court cannot reach the merits of Nguyen's motion because her request

was improperly brought as a 28 U.S.C. § 2255 motion and Nguyen was not in custody at the time of filing.

The Government is correct that Nguyen's request does not fall within 28 U.S.C. § 2255. Accordingly, the court does not address the merits of her claims. The court denies her motion.

## II.      BACKGROUND.

In 2002, Thao Thi Nguyen entered into a plea agreement pursuant to which she entered a plea of guilty to having possessed a controlled substance in violation of 21 U.S.C. § 844(a). *See* ECF No. 333. She was sentenced to 3 years of probation.[1] *See* ECF No. 424. Nguyen was later found guilty in state court of promoting a dangerous drug in the first and second degree, acts committed while she was on probation in her federal case. *See* ECF No. 641-2, PageID# 484-85. As a result of the state conviction and her failure to report it to her federal probation officer, this court revoked Nguyen's federal probation and sentenced her to a term of 12 months of imprisonment, to be served consecutively to her state court sentence. *See* ECF No. 602, PageID # 149.

Nguyen was then returned to state custody to serve her term of imprisonment for the state conviction. *See* ECF 641,

---

[1] The court also imposed a $1,000 fine and a $25 special assessment. *See* ECF No. 424.

2

PageID # 471; ECF No. 634, PageID # 341.  Soon thereafter, the
U.S. Marshals Office sent a detainer to the State of Hawaii's
Department of Public Safety ("DPS"), informing DPS that the
"United States District Court for the District of Hawaii ha[d]
issued a Judgment and Commitment Order against" Nguyen and
requesting that DPS notify the U.S. Marshals Office "[p]rior to
the subject's release from [state] custody."  *See* ECF No. 641,
PageID # 471.  Despite the issuance of the detainer, state
authorities did not notify the U.S. Marshals Office when the
state released Nguyen on parole in 2015.  *See* ECF No. 641, PageID
# 472.

In June 2021, the U.S. Probation Office notified the
U.S. Marshals Office that Nguyen was no longer in state custody.
*See* ECF No. 641-3, PageID # 493.  When the U.S. Attorney's Office
for the District of Hawaii learned of Nguyen's status, it
informed this court.  In December 2022, this court held a series
of status conferences to address Nguyen's situation.  *See* ECF
Nos. 630, 632, 636.  This court noted that a compassionate
release motion might be a vehicle for Nguyen's arguments for
relief.

On December 21, 2022, Nguyen filed her § 2255 motion.
*See* ECF No. 633.  Nguyen urges the court to vacate her sentence
"in light of her erroneous time at liberty stemming from
government error and/or negligence."  *Id*. at PageID # 328.  In

the alternative, she asks the court to apply credit towards her sentence for the time since she should have begun serving her federal revocation sentence. *See id.* at PageID # 329.

On December 28, 2022, a week after Nguyen had filed this motion, the court imposed a series of bail conditions in her case, including a $10,000 unsecured bond and seven Special Conditions of Release. *See* ECF No. 636. The court also directed Nguyen to self-surrender at the Federal Detention Center in Honolulu by Monday, March 13, 2023. *Id.*

At the direction of the court, Nguyen filed a supplemental brief on January 5, 2023. *See* ECF No. 638. The Government then filed its opposition. *See* ECF No. 641.

III.   **DISCUSSION**

The Government does not address the merits of Nguyen's motion. *See* ECF No. 641. Rather, it argues that the motion is not properly before the court because 28 U.S.C. § 2255 is an inappropriate vehicle for Nguyen's challenge and because Nguyen was not in custody at the time of filing. *See id.*

The court first turns[2] to whether Nguyen can use § 2255

---

[2] The Ninth Circuit treats certain threshold issues as jurisdictional. *See Bailey v. Hill*, 599 F.3d 976, 984 (9th Cir. 2010)(examining 28 U.S.C. § 2254). Even if the two threshold issues this court examines are not jurisdictional and are instead statutory prerequisites, *see Wagner v. United States*, 805 F. App'x 354, 361-63 (6th Cir. 2020), this court's decision is unchanged. In any event, when a decision involves multiple threshold issues, there is no "unyielding . . . hierarchy" governing the order in which the court addresses them. *Ruhrgas*

to seek vacatur or credit based on her erroneous release from
state custody.

> ### A.   Nguyen Cannot Use 28 U.S.C. § 2255
> ###      to Challenge the Execution of Her Sentence.

The Government argues that Nguyen's motion must be
denied because § 2255 is not the proper vehicle for Nguyen's
motion.  *See* ECF No. 641, PageID # 480.  The court agrees.

A petition under § 2255 must focus on the imposition of
the petitioner's sentence.  *See Hernandez v. Campbell*, 204 F.3d
861, 864 (9th Cir. 2000) ("[M]otions to contest the legality of a
sentence must be filed under § 2255 ... while petitions that
challenge the manner, location, or conditions of a sentence's
execution must be brought pursuant to § 2241."); *see also Schulze
v. Kobayashi*, No. CV 20-00047, 2021 WL 1197000, at *2 (D. Haw.
Mar. 29, 2021).

Nguyen's motion does not fall within § 2255.  Instead,
it focuses entirely on the Government's execution of her
sentence.  She says not a word about the validity of her
sentence, as originally imposed.  She focuses only on the failure
to transfer her from state to federal custody, an issue that
arose long after the federal revocation sentence was imposed.

---

*AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999); *see also
Unterberg v. Exxon Mobil Corp.*, No. CIV. 14-00181, 2014 WL
3420779, at *3–4 (D. Haw. 2014)) (discussing the district court's
discretion to decide in what order to address threshold
jurisdictional issues).

Courts recognize such motions as challenges to the sentence's execution.  *See Clark v. Floyd*, 80 F.3d 371 (9th Cir. 1996); *McPhearson v. Benov*, No. 2:09-CV-1889, 2014 WL 1794561 (E.D. Cal. May 6, 2014), *aff'd*, 613 F. App'x 645 (9th Cir. 2015).  The matters are almost always addressed via 28 U.S.C. § 2241, not § 2255.

If a § 2255 motion does not test the imposition of a sentence, the court cannot address the motion's merits.  *See Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980); *see also United States v. Alfeche*, 962 F.Supp. 1282, 1284 (D. Haw. 1996) (noting that Ninth Circuit cases hold that courts lack jurisdiction to hear claims that challenge how a sentence is executed if they are filed under 28 U.S.C. § 2255); *cf. Lay v. Gill*, No. 1:12-CV-01250, 2012 WL 6020115, at *1 (E.D. Cal. Dec. 3, 2012), *aff'd*, 575 F. App'x 816 (9th Cir. 2014) ("[T]o the extent that Petitioner is challenging the sentence itself or the execution of the plea agreement on which the sentence was based, the Court lacks habeas corpus jurisdiction since such challenges must be raised in a petition pursuant to 28 U.S.C. § 2255.").

When a petitioner uses a § 2255 motion to challenge the execution of a sentence, rather than its imposition, courts within the Ninth Circuit typically deny such a motion.[3]  *See*

---

[3] In other circuits, some courts have granted § 2255 motions brought by petitioners who were erroneously released from state custody.  *See United States v. Merritt*, 478 F. Supp. 804 (D.D.C.

*e.g.*, *United States v. Ponce-Zuniga*, No. 10-CR-2238, 2015 WL 12844449, at *1 (S.D. Cal. Feb. 10, 2015)*; Jawad v. United States*, No. 1:06-CR-00365, 2014 WL 4678049 (E.D. Cal. Sept. 19, 2014).  This court similarly dismisses Nguyen's motion as unauthorized under § 2255.[4]

--------

1979) (granting § 2255 relief on the ground that a lengthy delay in executing a sentence may waive the court's jurisdiction to return an individual to custody, even when the sentence was otherwise valid); *United States v. Mercedes*, No. 90 CR. 450, 1997 WL 458740 (S.D.N.Y. Aug. 12, 1997) (same); *but see, e.g.*, *Humphreys v. Warden*, 699 F. App'x 854, 858 (11th Cir. 2017) ("Petitioner's remaining claims pertaining to his erroneous release . . . are challenges to the execution of his sentence."); *United States v. McPhearson*, 451 F. App'x 384, 386 (5th Cir. 2011) (indicating that a § 2241 motion was the proper vehicle for a federal prisoner challenging execution of his sentence who argued that he should have received credit against his sentence for time that elapsed while he was at liberty due to his erroneous release before reincarceration); *Vega v. United States*, 493 F.3d 310, 313 (3d Cir. 2007).

[4] Nguyen requests that, if the court declines to vacate her sentence, it should at least "credit the time [s]he spent at liberty against her federal sentence."  But, as with her request for vacatur, a request for credit cannot be brought as a § 2255 motion.  *See Sampson v. United States*, No. 18-CR-2095, 2022 WL 2181690, at *1 (S.D. Cal. June 16, 2022) ("Petitioner challenges the execution of his sentence and must proceed under 28 U.S.C. § 2241, not § 2255."); *United States v. Parrett*, No. 01-CR-168, 2019 WL 1574815, at *2 (E.D. Wis. Apr. 11, 2019) ("[W]hen the good-time provisions of the [First Step] Act do go into effect, the proper vehicle for [the petitioner] to use to request relief . . . would be a petition for habeas corpus under ... § 2241."); *United States v. Johnson*, 624 F. Supp. 1191 (E.D. Pa. 1986) (concluding that a claim of improper denial of credit toward sentence for prior time in custody should be raised in a petition under 28 U.S.C. § 2241, not a motion arising under § 2255).

### B.   Nguyen Has Not Shown That She
####    Was in Custody at the Time of Filing.

There is a second threshold issue that Nguyen's motion fails to overcome.  A motion arising under 28 U.S.C. § 2255 is only available to "a prisoner in custody."  As a result, the Ninth Circuit has characterized the custody issue as a threshold issue that "must be addressed before any consideration of the merits."  *See United States v. Reves*, 774 F.3d 562, 564–65 (9th Cir. 2014); *Smith v. U.S. Customs & Border Prot.*, 741 F.3d 1016, 1019 & n. 1 (9th Cir. 2014) (noting that the "in custody" issue is a threshold issue that must be addressed first); *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir.1998) ("Because the 'in custody' requirement is jurisdictional, ... it is the first question we must consider on this appeal.").

The Government argues that the court cannot reach the merits of Nguyen's motion because she was not in custody at the time she filed her § 2255 motion.  *See* ECF No. 641, PageID # 474.  Rather than responding to this argument, Nguyen focuses on her status at the time she submitted her Supplemental Brief.  *See* ECF No. 638, PageID # 459.  Even after the court encouraged Nguyen to use her reply to address the issue of custody at the time of filing, *see* ECF No. 640, she did not do so.

The relevant time frame for purposes of the custody analysis is the time the § 2255 motion was filed.  *See Carafas v.*

*LaVallee*, 391 U.S. 234, 238 (1968) ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed."*); see also Bailey*, 599 F.3d at 979 ("The petitioner must be in custody at the time that the petition is filed.") (internal citations and quotation marks omitted).  This is settled law.

The court thus looks to Nguyen's custody status at the time she filed her § 2255 motion to determine whether she satisfies the custody requirement.  Nguyen filed this motion on December 21, 2022.  *See* ECF No. 633.  At that time, she was not in prison, on supervised release, or on probation or parole in any state or federal system.  She was not even subject to the conditions of bail that this court imposed a week later.  *See* ECF No. 636.

A movant need not be in physical custody to satisfy § 2255's custody requirement.  *See Maleng v. Cook*, 490 U.S. 488, 491 (1989)("Our interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus.").  It is only necessary that the movant be "subject to a significant restraint upon [her] liberty 'not shared by the public generally.'"  *Wilson v. Belleque*, 554 F.3d 816, 822 (9th Cir. 2009) (quoting *Jones v. Cunningham*, 371 U.S. 236 (1963)).  Incarceration is, of course, a significant restraint on liberty, but so too is parole.  *See Dow*

9

*v. Cir. Ct. of First Cir. Through Huddy*, 995 F.2d 922, 923 (9th Cir. 1993) (internal quotation marks omitted).  Similarly, release on one's own recognizance in some circumstances or probation may equate to custody.  *See Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cnty., California*, 411 U.S. 345, 351 (1973); *United States v. Span*, 75 F.3d 1383, 1386 n.5 (9th Cir. 1996).[5]

When a movant is not incarcerated or subject to probation or supervised release, the Supreme Court uses three factors to assess whether a movant is in custody.  *Hensley*, 411 U.S. at 351-353.  The first factor is the degree to which the movant is subject to supervisory control.  *See id*. at 351.  The second factor concerns whether she faces an imminent, nonspeculative threat of imprisonment.  *See id*. at 351-52; *see also Fernos-Lopez v. Figarella Lopez*, 929 F.2d 20, 23 (1st Cir. 1991)("The caselaw does contain various intimations that imminent custody might provide a basis for habeas jurisdiction").  The third factor addresses how a finding that the movant is in custody would impact the Government's interest and "serve the purpose and history of the writ."  *See Hensley*, 411 U.S. at 353.

Neither party in this case has analyzed all three

---

[5] Some of the cases addressed in this section concern 28 U.S.C. § 2554. "In custody" has the same meaning under 28 U.S.C. § 2554 as it does for purposes of § 2255.  *See* Wright, *Federal Practice and Procedure: Criminal 5d* § 630 (2022).

factors in light of Nguyen's circumstances.  It is, of course, Nguyen who has the burden of showing that she was in custody. *See Ortega-Ramos v. Archambeault*, No. 18CV2901, 2019 WL 265137, at *4 (S.D. Cal. Jan. 18, 2019), *aff'd*, 793 F. App'x 662 (9th Cir. 2020) ("Because Ortega-Ramos' Response and amended petition fall far short of establishing that he is 'in custody' for habeas purposes, he has not met his burden of showing that the Court has jurisdiction"); *Holmes v. Ferguson*, No. 3:20-CV-5718, 2021 WL 1599206, at *1 (W.D. Wash. Apr. 23, 2021) ("Petitioner has not met his burden of demonstrating that he is 'in custody'"). Because Nguyen has not addressed her custody status at the time of filing at all, even though prompted to do so by the court, she fails to carry her burden.  This court has no duty to construct an argument for Nguyen or to make an express decision on issues she fails to raise, such as whether her imminent incarceration suffices to establish her custody status.  Relying on her failure to meet her burden as the moving party, this court denies her § 2255 motion on the additional threshold ground relating to her custody status.

>          C.    **The Court Does Not Construe this Motion as
>                a Petition Arising under 28 U.S.C. § 2241.**

Nguyen requests that, if the court denies her relief under § 2255, it construe her motion as filed under 28 U.S.C. § 2241.  *See* ECF No. 634, PageID # 339.  Courts do sometimes construe improperly filed § 2255 motions as § 2241 petitions.

*See Tyler v. United States*, 929 F.2d 451, 453 & n. 5 (9th Cir.).
Section 2241 may well be a more appropriate vehicle for
requesting vacatur of a federal sentence following erroneous
release from state custody. *See Clark*, 80 F.3d 371; *see also*
*McPhearson*, 2014 WL 1794561. Nevertheless, this court does not
construe Nguyen's motion as a § 2241 petition.

Nguyen has already filed a separate petition under
§ 2241. *See Nguyen v. United States of America*, Civil Number
23-00093, ECF No. 1. There is no need for this court to construe
her failed § 2255 motion to duplicate her pending § 2241
petition.

The court further notes that Nguyen filed her § 2255
motion as part of her criminal case and named the United States
of America as the respondent. *See* ECF No. 636. That is proper
for purposes of a § 2255 motion. *See* Advisory Committee's Notes
following Rule 1 of the Rules Governing Section 2255 Proceedings
("[A] motion under § 2255 is a further step in the movant's
criminal case and not a separate civil action."); *see also*
Advisory Committee's Notes following Rule 4 of the Rules
Governing Section 2255 Cases ("the United States Attorney . . .
is the most appropriate one to defend the judgment and oppose the
motion"). By contrast, with a § 2241 petition the proper
respondent is "the person who has custody over the petitioner."
*Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (internal quotation

marks and brackets omitted); *see also Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir.1992) (per curiam ) ("The proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian'"). This is true even when petitioners are not in physical custody. *See e.g.*, *United States v. Arthur*, 367 F.3d 119, 122 (2d Cir. 2004) (petitioner on bail); *United States v. Dohrmann*, 36 F. App'x 879, 881 (9th Cir. 2002) (petitioner on supervised release); *Nennig v. Merickel*, No. 118CV00691, 2019 WL 1243716, at *3 (E.D. Cal. Mar. 18, 2019) (petitioner on probation).

It is not clear that the United States of America is the proper respondent on Nguyen's § 2241 request. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-36, 442 (2004); *see also Bocanegra v. United States*, No. CV 20-821, 2020 WL 509396, at *4 (C.D. Cal. Jan. 31, 2020) ("In a Section 2241 petition, the proper respondent is the warden of the facility where the petitioner is incarcerated, not the United States of America."). Nguyen's filing may implicate issues of personal jurisdiction over the defendant. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.1996) (as amended May 8, 1996) ("Failure to name the correct respondent destroys personal jurisdiction."); *see also Stanley* v. *California Supreme Ct.*, 21 F.3d 359, 360 (9th Cir. 1994).

This court declines to construe the § 2255 motion as a petition arising under 28 U.S.C. § 2241.

13

### D.    CERTIFICATE OF APPEALABILITY

An appeal may only be taken from a final order in a 28 U.S.C. § 2255 proceeding when the judge has issued a certificate of appealability.  *See* 28 U.S.C. § 2253(c).  The court declines to issue a certificate.  Nguyen has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Her motion clearly does not fall under § 2255. Reasonable jurists would not find this conclusion debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

## IV.    CONCLUSION.

Nguyen's request does not satisfy threshold requirements for a § 2255 motion.  For reasons stated earlier, this court does not construe her request as a petition arising under § 2241.

The court denies the motion and declines to issue a certificate of appealability.

The Clerk is directed to enter judgment for the Government and to close Civil No. 22-00529.

14

IT IS SO ORDERED.


DATED: Honolulu, Hawaii, February 21, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge


*United States v. Nguyen,* CR. NO. 01-00314 SOM-13, CIV. NO. 22-00529 SOM-KJM; ORDER
DENYING DEFENDANT THAO THI NGUYEN'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY.